MICHAEL J. PIETRYKOWSKI (SBN: 118677)
mpietrykowski@gordonrees.com
JAMES G. SCADDEN (SBN: 90127)
jscadden@gordonrees.com
GLEN R. POWELL (SBN: 219453)
gpowell@gordonrees.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071-2007
Telephone:  (213) 576-5000
Facsimile:   (213) 680-4470

Attorneys for Defendant
AIR & LIQUID SYSTEMS CORPORATION,
successor by merger to BUFFALO PUMPS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE BANKS, individually and on behalf of the ESTATE OF WILLIAM HENRY BANKS, deceased; JAMIE BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, and WILLIAM J. BANKS as legal heirs to WILLIAM HENRY BANKS, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY; AIR & LIQUID SYSTEMS CORPORATION, successor by merger to BUFFALO PUMPS, INC.; ARMSTRONG INTERNATIONAL INC.; AURORA PUMP COMPANY; BORG WARNER MORSE TEC, LLC as successor by merger to BORG WARNER CORPORATION; CARRIER CORPORATION; CRANE CO.; CROWN CORK & STEEL, as successor in interest to MUNDET CORK; FMC CORPORATION as | CASE NO. <br><br> Los Angeles County Superior Court Case No. 22STCV26057 <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1442 AND 1446** |

-1-
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1442 AND 1446**

| | |
|---|---|
| 1 | successor in interest to PEERLESS PUMP CO.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY; GOODYEAR TIRE AND RUBBER COMPANY; GOULDS PUMPS, LLC; GREEN TWEED & CO.; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL INTERNATIONAL INC., fka AlliedSignal Inc., Successor-In-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; METALCLAD INSULATION, LLC; PARKER-HANNIFIN CORPORATION; SOCO WEST INC., f/k/a Brenntag West, Inc., f/k/a/ Soco-Lynch Corporation, individually and as successor in Interest to Western Chemical & Manufacturing Company; SYD CARPENTER MARINE CONTRACTOR, INC.; UNION CARBIDE CORPORATION; VELAN VALVE CORP.; VIACOM CBS, INC.; WARREN PUMPS LLC; WEIR VALVES & CONTROLS USA, INC., f/k/a Atwood & Morrill Co., Inc.; and THE FIRST through THREE HUNDREDTH DOES, inclusive;<br><br>                    Defendants. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |

24 **TO THE CLERK AND THE HONORABLE JUDGE OF THE ABOVE-**
25 **ENTITLED COURT:**
26          **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1442 and
27 1446, defendant AIR AND LIQUID SYSTEMS CORPORATION, successor by
28 merger to BUFFALO PUMPS, INC. ("BUFFALO PUMPS") individually hereby

gives notice of the removal of this action, originally filed in the Los Angeles County Superior Court, to the United States District Court for the Central District of California based on the following grounds:

1. **Jurisdiction.** This Court has subject matter jurisdiction over this case because the claims involve a person, BUFFALO PUMPS, acting under the authority of an officer or agency of the United States. 28 U.S.C. § 1442; *Freiberg v. Swinerton & Walberg Property Services, Inc.* 245 F.Supp.2d 1144, 1150 (2002).

2. **Intradistrict Assignment.** The claims are pending within the District and the Division of this Court. Therefore, the claims should be assigned to this Division.

3. **Timeliness.** This Notice of Removal is timely because it was filed within thirty (30) days of formal service of the Summons and Complaint upon BUFFALO PUMPS, consistent with the requirements of 28 U.S.C. section 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

4 **Background.** On or about August 11, 2022 plaintiffs filed their Complaint against approximately 26 defendants, including BUFFALO PUMPS, in the Superior Court of the State of California, County of Los Angeles.

5. In the Complaint, Plaintiff Josephine Banks and the heirs of William Henry Banks ("Plaintiffs") allege that William Henry Banks was exposed to asbestos containing products manufactured by a number of defendants, including BUFFALO PUMPS, while serving in the U.S. Navy as a machinist mate aboard various U.S. Navy vessels from 1961 to 1984. (A true and correct copy of the Summons and Complaint is attached as **Exhibit 1** to this Notice of Removal.)

6. Any equipment manufactured for the U.S. Navy by BUFFALO PUMPS to be used aboard U.S Naval vessels was manufactured under the direction and control of a federal officer. (See, generally, Declaration of Ret. Adm. Roger Horne, **Exhibit 2** and the Declaration of Martin Kraft, **Exhibit 3**.) BUFFALO PUMPS manufactured and designed equipment sold to the Navy according to the

-3-
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1442 AND 1446**

1  precise, detailed specifications of the U.S. Navy.  The United States Navy enforced
2  compliance with those design specifications and no aspect of the design of that
3  equipment escaped the close control of the United States Navy and its officers,
4  including all aspects of warnings associated with the equipment.  (*Id.*)
5  Accordingly, BUFFALO PUMPS was acting under an officer or agent of the
6  United States within the meaning of 28 U.S.C. § 1442(a)(1).

7    7.    **Legal Authorities**.  Should plaintiffs file a motion to remand in this
8  case, BUFFALO PUMPS requests an opportunity to respond more fully in writing,
9  but, for now, offers the following authorities:

10   8.    Removal is appropriate where, as here, the removing party (1) acted
11 under the direction of a federal officer; (2) raises a colorable federal defense to
12 plaintiffs' claims and (3) can demonstrate a causal nexus between plaintiffs' claims
13 and the acts it performed under color of federal office.  *Mesa v. California*, 489
14 U.S. 121, 124-25 (1989).

15   9.    In 2006, the Ninth Circuit unequivocally stated that "the Supreme
16 Court has mandated a generous interpretation of the federal officer removal statute
17 . . . [and] has held that the right of removal is absolute for conduct performed under
18 color of federal office, and has insisted that the policy favoring removal should not
19 be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Durham v.*
20 *Lockheed Martin Corp.,* 445 F. 3d 1247, 1252 (9th Cir. 2006) (citations omitted).
21 In light of the *Durham* court's ruling, California federal district courts have
22 repeatedly interpreted section 1442 broadly in favor of removal where a
23 manufacturer of equipment demonstrates that it acted under the direction of a
24 federal officer, raises a colorable federal defense to plaintiffs' claims and
25 establishes a causal connection between its alleged action under the control of a
26 federal officer and plaintiffs' claims. *See, e.g., Ballenger v. Agco Corp.,* 2007 WL
27 1813821 (N.D. Cal. June 22, 2007) (a copy of Judge Wilken's Order is attached as
28 **Exhibit 4**); *Scanlon v. Asbestos Companies, et al.* CV 10-7264-SVW (JCGx) (a

1  copy of Judge Wilson's Order is attached as **Exhibit 5**); *Wright v. A.W Chesterton,*
2  *Inc.,* CV 07-05403MJJ (a copy of Judge Jenkin's Order is attached as **Exhibit 6**);
3  *Oberstar v. CBS Corp.,* CV 08-118PA (JWJx) (a copy of this order is attached as
4  **Exhibit 7**); *Jenkins v. Allied Packing and Supply, Inc.* 09 CV101-DMS, (a copy of
5  this order is attached as **Exhibit 8**).

6       10.    As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500
7  (1988), BUFFALO PUMPS has a federal defense to this action: i.e., government
8  contractor immunity from liability for injuries arising from any exposure to
9  asbestos-containing equipment on board United States Navy vessels, or at U.S.
10 Navy land based installations, insofar as they were manufactured or supplied by
11 BUFFALO PUMPS.  See also *Carley v. Wheeled Coach,* 991 F.2d 1117, 1123 (3d
12 Cir. 1993); *Kleeman v. McDonnell Douglas Corp.,* 890 F.2d 698, 700 (4th Cir.
13 1989); *Garner v. Santoro,* 865 F.2d 629, 634 (5th Cir. 1991).

14      11.    Removal on federal officer (e.g., federal contractor) grounds is also
15 allowed in failure to warn cases.  *Getz v. The Boeing Co.,* 654 F. 3d 852 (9th Cir.
16 Aug. 2, 2011).  In *Getz*, the court held that the government contractor defense is
17 available in "failure to warn" actions where the evidence shows that the
18 "government exercised [] discretion" in that "the [Navy] considered, reviewed, and
19 determined which warnings to provide. . . ." *Id.* at 867.

20      12.    Similarly, in *Kerstetter v. Pacific Scientific Co.,* 210 F. 3d 431, 438
21 (5th Cir.) *cert. denied* 519 U.S. 919 (2000), the court held that the government
22 contractor defense is available in "failure to warn" actions where the evidence
23 shows that the lack of a warning reflects governmental direction and control rather
24 than the unfettered discretion of the product's manufacturer.  As noted in
25 *Kerstetter,* "[t]he government need not prepare the specifications to be considered
26 to have approved them." *Id* at 435.  The only material issue is whether the
27 manufacturer's designs and specifications were subjected to "substantial review"
28 rather than a mere "rubber stamp" approval.  *Id.*  Substantial review is established

-5-
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1442 AND 1446**

where there is evidence of a "continuous back and forth" between the contractor and the government." *Id.*  In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id*.  Applying these general principals to "failure to warn" claims, the fact that government specifications or regulations did not specifically preclude the exact warning desired by a plaintiffs does not take a "failure to warn" claim outside the scope of a government contractor defense, so long as the government was generally involved in decisions relating to product warnings and was aware of the hazard in question.  *Id* at 438.

13. Further, according to Ret. Admiral Roger Horne: "The Navy retained the final say over the design of any piece of equipment and made the ultimate decision regarding how to resolve an engineering disagreement between the Navy and an outside supplier.  Without prior discussion, approval and acceptance by the Navy, a warning related to asbestos hazards would not have been permitted."  See **Exhibit 2**, page 5 at ¶ 12.)

14. "[A]ll equipment, including pumps supplied by BUFFALO PUMPS for use aboard Navy vessels, was manufactured pursuant to Navy specifications under close supervision by personnel employed by the Navy and approved for installation aboard these vessels exclusively by the Navy and its designated officers.  Any warning purportedly required by state law would not have found its way into a ship as a permanent label on a pump or as a warning in accompanying written materials unless it had been required specifically in the specifications for the product that were issued by the Navy." *Id* at ¶ 15.

15. As explained in the declaration of Martin Kraft: "In the design phase of the pump project, as in all other phases, the Navy retained ultimate decision authority over the design of the pumps.  If engineering disagreements arose between the Navy and an outside design consultant, the Navy controlled the design adopted.  All pumps supplied by BUFFALO PUMPS to the Navy were built in

1 accordance with the Navy specifications or other technical documentation
2 identified in applicable contract documents." See **Exhibit 3**, page 3 at ¶ 8.

3     16.    In addition: "Navy specifications or other technical documents
4 identified in applicable contract documents required BUFFALO PUMPS to submit
5 for approval and acceptance by the federal government drafts of any manuals,
6 drawings or other written materials required to be provided with regard to pumps it
7 manufactured for the Navy. These requirements were far more detailed and
8 stringent than those imposed by commercial customers.  (Exhibit A at 3.5; 3.6;
9 Exhibit B at 3.27; 3.28)." *Id* at ¶ 13.

10     17.    This approval and acceptance process was not merely a process of
11 submission by BUFFALO PUMPS of drawings and manuals.  The Navy's review
12 encompassed all aspects of the technical manuals and other written materials
13 submitted to it for approval in the pump design and manufacture process.  Based
14 on my experience and my review of historical materials, I am aware that the Navy
15 required specific changes to the content and wording of manuals submitted by
16 BUFFALO PUMPS and other naval equipment manufacturers.  These changes
17 included specific edits to cautionary and instructional language, and including
18 warnings and cautions.  Examples of correspondence of this type are attached as
19 Exhibit C." *Id* at ¶ 14.

20     18.    BUFFALO PUMPS is not required to notify and obtain the consent of
21 any other defendant in this action in order to remove plaintiffs' action as a whole
22 under 28 U.S.C. §1442(a)(l).  *Ely Valley Mines, Inc. v. Hartford Accident Indem.*
23 *Co.,* 644 F.2d 1310, 1315 (9th Cir. 1981); *Akin v. Ashland Chem. Co*., 156 F.3d
24 1030, 1034-35 (1998).

25     19.    A properly removed case cannot be remanded for discretionary or
26 policy reasons, such as allegations of related state cases or contentions that judicial
27 economy compels remand. *Thermitron Products, Inc. v. Hermansdorfer,* 423 U.S.
28 336, 343-44 (1976); *Elrad v. United Life & Accident Ins.  Co.,* 624 F. Supp. 742,

743 (N.D. Ill. 1985).

20. BUFFALO PUMPS has attached those documents required by 28 U.S.C. section 1446(a) and (b) and the local rules of the United States District Court, Central District of California, including a copy of the Summons and Complaint filed against it by the plaintiff. **Exhibit 1**.

WHEREFORE, defendant BUFFALO PUMPS respectfully requests that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.

Dated: September 23, 2022

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By:    s/ Glen R. Powell
MICHAEL J. PIETRYKOWSKI
JAMES G. SCADDEN
GLEN R. POWELL
Attorneys for Defendant
AIR & LIQUID SYSTEMS CORPORATION, successor by merger to BUFFALO PUMPS, INC