TIMOTHY F. PEARCE, ESQ. (SBN 215223)
STUART B. LEWIS, ESQ. (SBN 321824)
HANNAH B. OXLEY, ESQ. (SBN 282007)
**PEARCE LEWIS LLP**
423 Washington St., Suite 510
San Francisco, CA 94111
Tel: (415) 964-5225
Fax:(415) 830-9879
tim@pearcelewis.com
stuart@pearcelewis.com
hannah@pearcelewis.com

FREDERICK SCHENK, ESQ. (SBN 86392)
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
Fax: (619) 544-9232
fschenk@cglaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE BANKS, individually and on behalf of the ESTATE OF WILLIAM HENRY BANKS, deceased; JAMES BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, and WILLIAM J. BANKS, as legal heirs to WILLIAM HENRY BANKS, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>3M COMPANY, *et al*.<br><br>Defendants. | Case No.: 2:22-cv-06892-JLS-E<br><br>(Los Angeles Superior Court Case No.: 22STCV26057)<br><br>**FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL**<br><br>1.   NEGLIGENCE;<br>2.   STRICT LIABILITY;<br>3.   SURVIVAL ACTION; and<br>4.   Prayer for PUNITIVE DAMAGES |

**GENERAL ALLEGATIONS**

Plaintiffs JOSEPHINE BANKS, individually and on behalf of the ESTATE OF WILLIAM HENRY BANKS, deceased; JAMES BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, and WILLIAM J. BANKS, as legal heirs to WILLIAM HENRY BANKS, deceased, ("Plaintiffs") complain and allege as follows:

1.  Plaintiff JOSEPHINE BANKS, individually and as the successor in interest to WILLIAM HENRY BANKS, Deceased, brings this action as specified in California *Code of Civil Procedure* §377.30 of the, as well as individually, pursuant to *Code of Civil Procedure* §377.60. Plaintiff JOSEPHINE BANKS brings any and all Survival Causes of Action pursuant to *Code of Civil Procedure* §377.32, as successor-in-interest to Decedent WILLIAM HENRY BANKS.

2.  Plaintiffs file this action for the wrongful death of Decedent WILLIAM HENRY BANKS (hereinafter "decedent"), who tragically died of malignant epithelial mesothelioma, an asbestos-related cancer, on or about February 18, 2022.

3.  The heirs-at-law of the decedent and their relationship to the decedent are:

| | |
|---|---|
| JOSEPHINE BANKS | Surviving Spouse and Successor-in-Interest |
| JAMES BANKS | Surviving Adult Son |
| NUEVOE STRAIN | Surviving Adult Daughter |
| CRISELA BANKS | Surviving Adult Daughter |
| LEEANN MOLLENIDO | Surviving Adult Daughter |
| WILLIAM J. BANKS | Surviving Adult Son |

4.  At all times prior to his death, Decedent was a faithful and dutiful husband and parent.

5.  Plaintiffs JAMES BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, and WILLIAM J. BANKS, as legal heirs to WILLIAM HENRY BANKS bring any and all Wrongful Death Causes of Action pursuant to *Code of Civil Procedure* §377.60.

6.  The individuals set forth as heirs constitute all of the surviving heirs of Decedent pursuant to California *Code of Civil Procedure* §377.60.

7.  The Defendants in this matter are 3M COMPANY; AIR & LIQUID SYSTEMS CORPORATION, Successor-by-Merger to BUFFALO PUMPS, INC.; ARMSTRONG

INTERNATIONAL INC.; AURORA PUMP COMPANY; BORGWARNER MORSE TEC LLC as Successor-by-Merger to Borg-Warner Corporation; CARRIER CORPORATION; CRANE CO.; CROWN, CORK & SEAL, as Successor-in-Interest to Mundet Cork; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY; GOODYEAR TIRE AND RUBBER COMPANY; GOULDS PUMPS, LLC; GREEN, TWEED & CO.; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; METALCLAD INSULATION LLC; PARKER-HANNIFIN CORPORATION; SOCO-WEST, INC. f/k/a Brenntag West Inc., f/k/a Soco-Lynch Corporation, individually and as Successor-in-Interest to Western Chemical & Manufacturing Company; SYD CARPENTER MARINE CONTRACTOR, INC.; UNION CARBIDE CORPORATION; VELAN VALVE CORP.; VIACOM CBS INC.; WARREN PUMPS LLC; WEIR VALVES & CONTROLS USA, INC. f/k/a Atwood & Morrill Co., Inc.; and the FIRST through THREE HUNDREDTH DOES, inclusive and are corporations and/or limited liability companies organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

8. The Defendants identified in the preceding paragraph, above, are hereinafter collectively referred to as "**ASBESTOS DEFENDANTS**."

9. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants **FIRST DOE** through **THREE HUNDREDTH DOE**, inclusive, are unknown to Plaintiffs at this time and Plaintiffs therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

10. Upon information and belief, and at all times herein mentioned, each of the **ASBESTOS DEFENDANTS**, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said times, was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiffs; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants.

11. At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting, handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that designed, manufactured, assembled, packaged, sold, supplied, distributed, marketed, advertised, warranted, handled, disturbed, serviced, repaired, installed, removed and/or contracted to handle, disturb, service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance. The following **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets and product line of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such **ASBESTOS DEFENDANT** has the ability to assume the risk-

spreading role of each such "alternate entity"; and that each such **ASBESTOS DEFENDANT** enjoys the goodwill originally attached to each such "alternate entity".

| **DEFENDANT** | **ALTERNATE ENTITY** |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC |
| BORGWARNER MORSE TEC LLC | BORG-WARNER CORPORATION |
| CBS CORPORATION, A DELAWARE CORPORATION | VIACOM, INC. CBS CORPORATION, A PENNSYLVANIA CORPORATION WESTINGHOUSE ELECTRIC CORPORATION |
| CROWN, CORK & SEAL | MUNDET CORK |
| FMC CORPORATION | PEERLESS PUMP CO. |
| HONEYWELL INTERNATIONAL INC., | ALLIEDSIGNAL INC. THE BENDIX CORPORATION |
| SOCO-WEST, INC. | BRENNTAG WEST INC. SOCO-LYNCH CORPORATION WESTERN CHEMICAL & MANUFACTURING COMPANY |
| WEIR VALVES & CONTROLS USA, INC. | ATWOOD & MORRILL CO., INC. |

**FIRST CAUSE OF ACTION**

**Negligence**

*PLAINTIFF JOSEPHINE BANKS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WILLIAM HENRY BANKS, AND PLAINTIFFS JAMES BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, AND WILLIAM J. BANKS COMPLAINS OF DEFENDANTS, AND EACH OF THEM, FOR A CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) AND ALLEGES AS FOLLOWS:*

12. Plaintiffs re-allege and incorporate herein by reference each of the preceding paragraphs of this Complaint, as though fully stated herein.

13. Upon information and belief, Plaintiffs allege that Decedent WILLIAM HENRY BANKS was exposed to asbestos at jobsites which include but are not limited to, the following:

///

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| U.S. Navy<br>1961-1965 | USS Coral Sea<br>CVA-43 | Machinist Mate |
| U.S. Navy<br>1965-1966 | USS Arcadia<br>AD-23 | Machinist Mate |
| U.S. Navy<br>1967-1968 | USS Springfield<br>CLG-7 | Machinist Mate |
| U.S. Navy<br>1970-1971 | USS Meredith<br>DD-890 | Machinist Mate |
| U.S. Navy<br>1972-1973 | USS Gompers<br>AD-37 | Machinist Mate |
| U.S. Navy<br>1973-1974 | USS Marvin Shields<br>DE-1066 | Machinist Mate |
| U.S. Navy<br>1974-1977 | USS Tarawa<br>LHA-1 | Machinist Mate |
| U.S. Navy<br>1977-1980 | USS Dixie<br>AD-14 | Machinist Mate |
| U.S. Navy<br>8/25/1980 - 6/15-1982 | San Diego Naval Shipyard | Machinist Mate |
| U.S. Navy<br>1982-1984 | USS Robinson<br>DDG-12 | Machinist Mate |

14. Upon information and belief, and at all times herein mentioned, **ASBESTOS DEFENDANTS** and each of them were engaged in the business of designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting, handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance; or are engaged in the business of designing, manufacturing, selling, supplying distributing, and marketing safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos and/or asbestos-containing products and materials in the workplace and other locations.

15. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them negligently and carelessly researched, designed, tested and/or failed to test, manufactured and/or caused to be manufactured, sold, supplied, distributed, marketed, advertised, warranted, warned and/or failed to warn, handled, disturbed, serviced, repaired, installed,

removed, and/or contracted to handle, disturb, service, repair, install, and/or remove, inspected and/or failed to inspect certain substance, the generic name of which is asbestos, and/or other products containing said substance; and substance, and the other products containing said substance were capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, bystanders and others, including but not limited to Decedent herein, while being used in a manner reasonably foreseeable to **ASBESTOS DEFENDANTS,** thereby rendering said substance and said products unsafe and dangerous to the users, consumers, workers, bystanders and others exposed thereto.

16. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them, designed, manufactured, sold, supplied, distributed, marketed, advertised and/or warranted finished products which incorporated asbestos and asbestos parts and materials therein by design, and which were designed to be used with asbestos and other products and materials containing asbestos; and each of the aforementioned finished products was designed and manufactured in such a manner that the ordinary use, operation, repair, maintenance, installation and/or removal of said finished products resulted in the release of respirable asbestos fiber such that persons, including Decedent that worked with and/or around such products, as well as persons who came into contact with such persons, were exposed to and inhaled asbestos fiber.

17. Moreover, each **ASBESTOS DEFENDANT** designed, manufactured, sold, supplied, distributed, marketed, advertised and labeled finished products, which were defective, in that their ordinary foreseeable use, operation, installation, repair and/or removal caused the degradation of integrated asbestos-containing materials parts and components which were incorporated therein by design, both as original equipment and replacement parts.  As a result of such degradation, the asbestos materials contained in said finished products became friable and released airborne, respirable asbestos that users, consumers, workers, bystanders, and others including said exposure substantially contributed to, and caused Decedent's injuries alleged herein, including Decedent's development of malignant mesothelioma.

18. Decedent herein, was a consumer and bystander who used, handled, serviced, repaired, disturbed, installed and/or removed, and/or was around others who used, handled, serviced, repaired,

disturbed, installed and/or removed the asbestos and/or asbestos-containing products, as well as the finished products whose defective design and manufacture caused the release of asbestos referred to herein, and Decedent was exposed to asbestos in a manner that was reasonably foreseeable to **ASBESTOS DEFENDANTS** and each of them.

19. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, failed to adequately warn purchasers, consumers, end users, including Decedent herein, and others who would foreseeably come into contact with or otherwise be exposed to asbestos from their asbestos and defective asbestos-containing and/or asbestos-releasing products about the severe hazards posed by exposure to each of the **ASBESTOS DEFENDANTS'** asbestos and asbestos-containing and asbestos-releasing products, including but not limited to lung damage and increased risk of lung cancer and malignant mesothelioma.

20. Each of the **ASBESTOS DEFENDANTS** failed to provide adequate warnings to purchasers, consumers, end users and bystanders of their products concerning the severe health hazards that exposure to, and inhalation of, asbestos released by and from their products and as a result of their conduct, posed to purchasers, consumers end users and bystanders of said products and conduct, including Decedent herein, including the risk of severe lung damage, increased risk of asbestosis, lung cancer and malignant mesothelioma. At all times herein mentioned **ASBESTOS DEFENDANTS**, and each of them, had constructive and actual knowledge of the aforementioned hazards and risks to human health posed by their products and conduct.

21. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, Decedent has suffered severe and permanent malignant injuries, including, but not limited to, malignant epithelial mesothelioma, other bodily damages, and ultimately, his untimely death, all to Plaintiff's general damages in a sum invoking the unlimited jurisdiction of the Court.

22. Upon information and belief, at the time of his exposure to asbestos, Decedent was not aware that exposure to asbestos presented any risk of injury and/or disease to him, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working with or around asbestos and/or products which contained and/or incorporated asbestos.

23. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, failed to adequately warn purchasers, consumers, end users, including Decedent herein, and others who would foreseeably come into contact with or otherwise be exposed to asbestos from their asbestos and defective asbestos-containing and/or asbestos-releasing products about the severe hazards posed by exposure to each of the **ASBESTOS DEFENDANTS'** asbestos and asbestos-containing and asbestos-releasing products, including but not limited to lung damage and increased risk of lung cancer and malignant mesothelioma.

24. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS,** and each of them, as foresaid, the exposure to asbestos caused Decedent to contract asbestos-related malignant epithelial mesothelioma from which Decedent WILLIAM HENRY BANKS tragically died on or about February 18, 2022.

25. As a direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of Decedent in a sum invoking the unlimited jurisdictional limits of the Court.

26. As a further direct and proximate result of the conduct of **ASBESTOS DEFENDANTS**, and each of them, Plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

27. Plaintiffs have lost pre-judgment interest pursuant to Civil Code section 3288, the exact amount of which Plaintiffs pray leave to insert herein when finally ascertained.

28. In researching, testing, designing, manufacturing, labeling, selling, distributing, advertising, marketing, servicing, repairing, disturbing, installing and/or removing said products, **ASBESTOS DEFENDANTS** and each of them, did so with conscious disregard for the safety of the users, consumers of said product, as well as bystanders and others who would foreseeably come into contact with said products and/or the asbestos released therefrom. **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to increased risk of developing severer and terminal diseases such as mesothelioma. Said knowledge was obtained, in part, from scientific

studies, government data, industrial literature and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

29. On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

30. With said knowledge, said **ASBESTOS DEFENDANTS** opted to design, manufacture sell, distribute, advertise, warrant, handle, service, repair, disturb, install and/or remove said asbestos and asbestos-containing products without attempting to protect users, consumers, bystanders and others who would foreseeably be exposed to asbestos from such products and activities of the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to warn and/or protect users, workers, bystanders and others from the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risks, and fraudulently, knowingly, consciously and actively concealed and suppressed said knowledge from users, workers, consumers, bystanders and other members of the general public including Decedent herein.

31. The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products, as well as the continuing uninterrupted business of handling, repairing, servicing, disturbing, installing and/or removing of asbestos and/or asbestos-containing products. In pursuance of said financial motivation and putting profits before people, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of those who work with and around said asbestos and asbestos-containing products, as well as all of those

who would foreseeably be exposed to asbestos as a result of **ASBESTOS DEFENDANTS'** conduct. **ASBESTOS DEFENDANTS** were consciously willing to permit asbestos and asbestos products to cause injury to users and consumers thereof, as well as workers, bystanders and all others who would foreseeably be exposed to asbestos released from such asbestos and/or asbestos-containing products, including but not limited to Decedent herein.

32. As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including Decedent. Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

33. Plaintiffs hereby disclaim and waive any cause of action or recovery for any injuries, as against any **ASBESTOS DEFENDANTS** named herein, to the extent that said injury was caused by exposure to asbestos, asbestos-containing products and/or asbestos-releasing products in a federal enclave.

34. Plaintiffs also disclaim and waive any cause of action for recovery for any injuries resulting from exposure to asbestos caused by any acts or omissions of any of the **ASBESTOS DEFENDANTS** named herein committed at the direction of an officer of the United States Government.

35. Plaintiffs further disclaim and waive any cause of action for recovery for any injuries resulting from exposure to asbestos caused by the acts and omissions of any **ASBESTOS DEFENDANTS** to the extent that said **ASBESTOS DEFENDANTS** were a military or government contractor and to the extent that the product from which the asbestos was released was military equipment under the *Boyle v. United Technologies Corp.,* (1988) 487 U.S. 500 line of cases.

36. WHEREFORE, Plaintiffs' pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

///

## SECOND CAUSE OF ACTION

### Strict Liability

*PLAINTIFF JOSEPHINE BANKS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WILLIAM HENRY BANKS, AND PLAINTIFFS JAMES BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, AND WILLIAM J. BANKS COMPLAINS OF THE* **ASBESTOS DEFENDANTS** *AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

37. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this Complaint.

38. Upon information and belief, **ASBESTOS DEFENDANTS** and each of them, researched, designed manufactured, tested or failed to test, inspected or failed to inspect, labeled, sold, distributed, advertised, marketed, warranted, a certain substance, the generic name of which is asbestos and other products containing said substance, which substance and products containing said substance are defective, in that the same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other bodily damage, to users, consumers, bystanders and others who were foreseeably exposed to asbestos from said asbestos and products containing asbestos, including Decedent herein, while said asbestos and products containing asbestos were used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which Decedent and others similarly situated were exposed.

39. As a direct and proximate result of the conduct, acts and omissions of each of the **ASBESTOS DEFENDANTS** as set forth above, Plaintiffs have suffered the injuries and damages as previously set forth herein including those alleged in the First and Second Causes of Action, inclusive.

///

## THIRD CAUSE OF ACTION

### Survival Action

*AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION (SURVIVAL ACTION), PLAINTIFF JOSEPHINE BANKS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF WILLIAM HENRY BANKS, AND PLAINTIFFS JAMES BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, AND WILLIAM J. BANKS COMPLAIN OF ASBESTOS DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGE:*

40. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this Complaint, as though fully stated herein.

41. Upon information and belief, had Decedent WILLIAM HENRY BANKS survived, Decedent would have had a cause of action for his personal injuries arising from his exposure to asbestos, and would have been a Plaintiff in this action. Sadly, Decedent died of asbestos related mesothelioma on or about February 18, 2022.

42. As a direct and proximate result of the conduct of Defendants, and each of them, Decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

43. Upon information and belief, at the time of his exposure to asbestos, Decedent was not aware that exposure to asbestos presented any risk of injury and/or disease to him, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working with or around asbestos and/or products which contained and/or incorporated asbestos.

44. In researching, testing, manufacturing, distributing, labeling, and marketing said products, Defendants, and each of them, in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that Defendants, and each of them, had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma and lung cancer. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which Defendants, and each of them, had access, as well as scientific studies performed by, at the request

of, or with the assistance of, said Defendants, and each of them, and which knowledge was obtained by said Defendants, and each of them, on or before 1933, and thereafter.

45. On or before 1933, and thereafter, said Defendants, and each of them, were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury or death, and said Defendants, and each of them, knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

46. With said knowledge, said Defendants, and each of them, opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, Defendants, and each of them, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

47. The above referenced conduct of Defendants, and each of them, was motivated by the financial interest of Defendants, and each of them, in the continuing, uninterrupted distribution and marketing of asbestos and asbestos products. In pursuance of said financial motivation, Defendants, and each of them, consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos products to cause injury or death to workers and users thereof, and persons exposed thereto, including Decedent WILLIAM HENRY BANKS.

48. As the above referenced conduct of Defendants, and each of them, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including Decedent

WILLIAM HENRY BANKS for the sake of example, and by way of punishing Defendants, and each of them, seeks punitive damages according to proof.

### PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;
2. For burial expenses according to proof;
3. For medical and related expenses according to proof;
4. For exemplary or punitive damages according to proof;
5. For Plaintiffs' prejudgment interest according to proof, pursuant to California *Civil Code* §3291;
6. For Plaintiffs' costs of suit herein; and,
7. For such other and further relief as this Court deems just and proper, including costs as provided in California *Code of Civil Procedure* §§998 and 1032 and related provisions of law.

Date:   August 14, 2023

**PEARCE LEWIS LLP**

_____
HANNAH B. OXLEY, ESQ.
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 423 Washington Street, Suite 510, San Francisco, California 94111.

On August 14, 2023, I served true copies of the following document(s) described as:

- **FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case, who are registered CM/ECF users, will be served by the CM/ECF system. Participants in the case, who are not registered CM/ECF users, will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true, and correct, and that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on August 14, 2023, at West Covina, California.

_____
Scott Nguyen

*Josephine Banks, et al. v. 3M Company, et al.*
2:22-cv-06892-JLS-E