Christina N. Goodrich (SBN 261722)
Christina.Goodrich@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard 8th Floor
Los Angeles, CA  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Damon M. Pitt (SBN 291473)
Damon.Pitt@klgates.com
K&L GATES LLP
1 Park Plaza, 12th Floor
Irvine, CA 92614
Telephone: +1 949 623 3604
Facsimile: +1 949 253 0902

Attorneys for Defendant
Redco Corporation f/k/a Crane Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE BANKS, individually and on behalf of the ESTATE OF WILLIAM HENRY BANKS, deceased; JAMES BANKS, NUEVOE STRAIN, CRISELA BANKS, LEEANN MOLLENIDO, and WILLIAM J. BANKS, as legal heirs to WILLIAM HENRY BANKS, deceased,<br><br>                    Plaintiffs,<br><br>vs.<br><br>3M COMPANY, *et al.*,<br><br>                    Defendants. | Case No. 2:22-cv-06892-JLS-E<br><br>(Los Angeles Superior Court Case No.: 22STCV26057)<br><br>**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**<br><br>Complaint Filed:  August 11, 2022 |

Defendant Redco Corporation ("REDCO") by and through its undersigned counsel, respectfully submits this Answer to the Plaintiffs' First Amended Complaint for Wrongful Death and Survival (the "First Amended Complaint"), together with its Affirmative Defenses, and Cross-Claims stating as follows:

## ANSWER TO PLAINTIFFS' ALLEGATIONS

1. Redco generally denies all allegations in the First Amended Complaint except for those specifically admitted below.

2. As to the jurisdictional allegations in the First Amended Complaint, Redco admits that it is a Delaware corporation with its principal place of business in Connecticut, and that it has done certain business in the State of California. Redco denies all other jurisdictional allegations, including but not limited to, any allegations that Redco's business activities in California are related to the claims asserted herein and the allegation that Redco is subject to personal jurisdiction in this matter.

3. Redco denies all allegations of liability asserted against Redco in the First Amended Complaint, denies that it caused or contributed to any injury to Decedent, denies that it is liable to Plaintiffs or any of them under any theory of recovery, and denies that Plaintiffs have suffered any injury caused or contributed to by Redco.

4. As to all allegations asserted against Defendants other than Redco, after reasonable investigation, Redco is without knowledge or information sufficient to form a belief about the truth of such allegations.

## ANSWER TO PRAYER FOR RELIEF

Redco denies that Plaintiffs are entitled to any of the relief requested against Redco, including damages, attorneys' fees, costs, pre- or post-judgment interest, or any other relief of any kind.

///
///
///

2
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Predecessor and/or Successor-In-Interest Liability)

1.  As a first affirmative defense, Redco alleges that to the extent that any claim for relief in the First Amended Complaint seeks to recover damages against Redco for alleged acts or omissions of predecessors, alternates or successors-in-interest to Redco of any kind or description, Redco asserts that it is not legally responsible and cannot legally be held liable for any such acts or omissions.  Redco further alleges that it cannot be held liable for punitive damages and/or exemplary damages which are or may be attributable to the conduct of any predecessor, alternate or successor-in-interest.  Further, Redco alleges that the conduct of any predecessor or successor-in-interest cannot, as a matter of law, provide a legal basis for liability or the imposition of damages against Redco.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.  As a second affirmative defense, Plaintiffs' First Amended Complaint, and each and every purported cause of action asserted therein, is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, 340.2, and 343.

## THIRD AFFIRMATIVE DEFENSE
### (Intervening or Supervening Cause)

3.  As a third affirmative defense, Redco is informed and believes, and based thereon alleges, that Plaintiffs' injuries and alleged damages were proximately caused by independent, intervening, and supervening causes.  Plaintiffs are therefore barred in whole or in part from recovering from Redco on their First Amended Complaint and each cause of action.

///
///
///

3
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

## FOURTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

4. As a fourth affirmative defense, Redco is informed and believes, and based thereon alleges, that at all times relevant hereto, Decedent failed to exercise ordinary care, caution or prudence, negligently or willfully failed to take appropriate care. Therefore, any injuries or damages allegedly sustained by Plaintiffs were the direct and proximate result of Decedent's negligence, fault, or other conduct, and not the result of any negligence, fault, or other chargeable conduct on the part of Redco Redco's alleged liability to Plaintiffs should, therefore, be denied, reduced, or apportioned accordingly.

## FIFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

5. As a fifth affirmative defense, Redco is informed and believes, and based thereon alleges, that Decedent and/or Plaintiffs were aware of and had a full appreciation of the risks, if any, associated with the complained of activities, and knowingly and voluntarily assumed the risks and hazards, if any, of the alleged incidents complained of, and Plaintiffs' alleged injuries and damages, if any, were proximately caused by such express assumption of such risks.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

6. As a sixth affirmative defense, Redco alleges that Decedent and/or Plaintiffs have failed to minimize or avoid any and all damages allegedly caused to them by Redco  Any damages that may be recoverable by Plaintiffs should therefore be denied or reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7. As a seventh affirmative defense, Redco alleges that Plaintiffs have lost any right to relief against Redco through laches, which has resulted in substantial

4
REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND
22:22-CV-06892-JLS-E

316382900.1

prejudice to Redco.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8. As an eighth affirmative defense, Redco alleges that by reason of the conduct of Decedent and/or Plaintiffs, the claims alleged in Plaintiffs' First Amended Complaint against Redco are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

9. As a ninth affirmative defense, Redco alleges that by reason of the conduct of Decedent and/or Plaintiffs, the alleged claims in Plaintiffs' First Amended Complaint against Redco are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Misconduct of Others)

10. As a tenth affirmative defense, Redco alleges that the damages Plaintiffs allege in their First Amended Complaint, if any, were proximately caused by the acts and omissions of persons and entities other than Redco, and over which Redco had no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Punitive Damages)

11. As an eleventh affirmative defense, Redco alleges that Plaintiffs are precluded from recovering punitive damages, in whole or in part, from Redco under the applicable provisions of law, including, but not limited to, California Civil Code, the California Constitution, and the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Act)

12. As a twelfth affirmative defense, Redco is informed and believes, and based thereon alleges, that at the time more specifically alleged in the First Amended

5
REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND
22:22-CV-06892-JLS-E

316382900.1

Complaint, Decedent was in the course and scope of his employment with some of the co-defendants and/or others, who were insured, or permissively self-insured, for their liability as employers under the Workers' Compensation Act of the State of California, and that pursuant to said insurance, payments are being made or were made to Decedent and/or Plaintiffs for compensation for the injuries that are alleged to have resulted from the incidents set forth in the First Amended Complaint.  Redco is further informed and believes, and based thereon alleges, that any and all injuries alleged to have been suffered by Decedent and/or Plaintiffs were the direct and proximate result of, and were contributed to by the negligence of the employers of Decedent, and that said negligence and the wrongful conduct of Decedent's employers included, but was not limited to, the failure to provide Decedent with a safe place to work, and to provide Decedent with the proper tools, devices, and equipment to avoid injuries, and the failure to properly supervise and warn Decedent of any dangers and hazards attendant to his employment.  Redco is therefore entitled to a reduction of any judgment or recovery ultimately had by Plaintiffs by the sum of those amounts paid to Decedent and/or Plaintiffs on behalf of Decedent's employers pursuant to the Workers' Compensation Act of this State.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Allocation of Non-Economic Damages)

13.     As a thirteenth affirmative defense, Redco alleges that Plaintiffs are barred and precluded from recovery against Redco for any non-economic damages except those allocated to Redco in direct proportion to its percentage of fault, if there is any such fault or damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Misuse)

14.     As a fourteenth affirmative defense, Redco alleges that any and all of the injuries and damages allegedly suffered by the Plaintiffs, were directly and proximately caused by Decedent's misuse of any and all products or equipment

utilized by Decedent, as alleged in Plaintiffs' First Amended Complaint, and not as a direct and proximate result of any wrongful conduct on the part of Redco.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Appeal Board)

15. As a fifteenth affirmative defense, Redco alleges that the exclusive remedy for the acts alleged in Plaintiffs' First Amended Complaint is a claim for compensation before the Workers' Compensation Appeal Board, and that accordingly, this action is barred by the provisions of Sections 3600, 3601, and 3602 of the Labor Code.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Idiosyncratic Condition or Reaction)

16. As a sixteenth affirmative defense, Redco alleges that any and all injuries suffered by Plaintiffs were the direct and proximate result of an unforeseeable idiosyncratic condition or reaction on the part of Decedent and/or Plaintiffs and not, as alleged, as a direct and proximate result of wrongful conduct on the part of Redco.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Sophisticated User)

17. As a seventeenth affirmative defense, Redco alleges that Decedent, his employers, and those entities or individuals who purchased or used Redco's products, including the other defendants in this action, were knowledgeable, informed, and sophisticated regarding any alleged risks to Decedent's health from working with or around asbestos or asbestos-containing products.  Therefore, Redco had no duty to warn any of those individuals or entities concerning purported dangerous health conditions or any applicable safety precautions that those individuals or entities knew or should have known were associated with asbestos or asbestos-containing products or any affixed or replacement parts.  Consequently, Redco is not liable to Plaintiffs under any stated cause of action, including but not limited to those based on negligence, strict liability, failure to warn and design defect.  Furthermore, this

7
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

affirmative defense applies, and is a complete defense to all of Plaintiffs' causes of action, even if Decedent was not sophisticated but his employers or others were sophisticated purchasers and/or users of asbestos or asbestos-containing products, since those sophisticated intermediaries were thereby obligated to educate and warn Decedent about any potential dangers, if any, associated with his work on or around those products, without the additional necessity of a manufacturer's or distributor's warning.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Alteration of Product)

18. As an eighteenth affirmative defense, Redco alleges that any and all of its products, if any, which were utilized by Decedent at the time alleged in Plaintiffs' First Amended Complaint, were altered or changed from the original condition of said products at the time that they left the possession and control of Redco. Redco further alleges that at the time said products left the possession and control of Redco, said products were not, in any way, defective.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Market-Share Liability)

19. As a nineteenth affirmative defense, Redco alleges that Plaintiffs' First Amended Complaint failed to identify the products or materials that Plaintiffs allege caused Decedent's and/or Plaintiff's injuries with any reasonable specificity. Plaintiffs further fail to allege that they have joined in this action a substantial share of the market of those products to which Decedent was allegedly exposed. Plaintiffs' First Amended Complaint fails to allege facts sufficient to constitute a cause of action based upon market-share liability, and therefore, Plaintiffs' First Amended Complaint violates the guarantees of due process of law and equal protection of the laws guaranteed by the United States and California Constitutions, and such violation bars Plaintiffs from any judgment or recovery whatsoever against Redco.

8
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

## TWENTIETH AFFIRMATIVE DEFENSE

### (Component Parts)

20. As a twentieth affirmative defense, Redco alleges that the Redco products at issue in this case are or were inherently safe, non-defective component parts. These component parts are significantly altered when integrated with other manufacturers' asbestos-containing materials into completed products by third parties. Redco exercised no control over the post-sale use of its component parts, and had no role in the design or construction of the completed products that purportedly exposed Decedent to asbestos. Thus, Redco could not have discovered or disclosed to Decedent or Plaintiffs any hazards posed by completed products that incorporated Redco's inherently safe, none-defective component parts and other manufacturers' asbestos-containing materials.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Federal Preemption)

21. As a twenty-first affirmative defense, Redco alleges that Plaintiffs' claims are barred by the doctrine of Federal Preemption.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

22. As a twenty-second affirmative defense, Redco is informed and believes, and based thereon alleges, that Plaintiffs have failed to join all indispensable parties. Therefore, complete relief cannot be accorded to those who are already parties to this action and Plaintiffs' failure to join all indispensable parties will result in prejudice in any possible future litigation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

23. As a twenty-third affirmative defense, Redco alleges that the First Amended Complaint and causes of action therein fail to state facts sufficient to constitute a cause of action against Redco.

9
REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND
22:22-CV-06892-JLS-E

316382900.1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Negligence of Others)

24. As a twenty-fourth affirmative defense, Redco alleges that if there is any negligence or liability of any of the parties named herein, it is the sole and exclusive negligence and liability of the other Defendants, and not of Redco.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to State Claim)

25. As a twenty-fifth affirmative defense, Redco alleges that the First Amended Complaint and the causes of action therein fail to state facts sufficient to constitute a cause of action against Redco pursuant to sections 3600, et seq., of the California Labor Code.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

26. As a twenty-sixth affirmative defense, Redco alleges that Decedent's employers were contributorily negligent and careless in and about the matters alleged in the First Amended Complaint, and that such negligence and carelessness were a proximate cause of any injuries and damages suffered by Plaintiffs, if there were any.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Ratification)

27. As a twenty-seventh affirmative defense, Redco alleges that Decedent and/or Plaintiffs acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Redco, thus barring Plaintiffs from any relief as prayed for herein.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Inability to Testify)

28. As a twenty-eighth affirmative defense, Redco is informed and believes and therefore alleges that Plaintiffs are unable to identify the actual manufacturer or manufacturers of the asbestos products which allegedly caused the injury which forms

the basis of the First Amended Complaint, and that said manufacturers were entities other than Redco.  Therefore, Redco may not be held liable for the injury of Plaintiffs, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (State of the Art)

29. As a twenty-ninth affirmative defense, Redco alleges that at all times alleged in the First Amended Complaint the products alleged to have caused Decedent's and Plaintiffs' injuries were designed, manufactured, sold, distributed, labeled, and advertised in compliance with the then existing state of the art in the industry to which Redco belonged and furthermore, that the benefits of any such product design outweighed any risk of danger in the design and that any such product met the safety expectations of Decedent, Plaintiffs and the general public.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

30. As a thirtieth affirmative defense, Redco alleges that Decedent and/or Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, and accordingly, said claims are barred by operation of law; alternatively, Decedent and/or Plaintiffs have accepted compensation as partial settlement of those claims for which Redco is entitled to a setoff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Gross Negligence or Intentional Acts)

31. As a thirty-first affirmative defense, Redco alleges that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of Decedent or Plaintiffs, or malice (actual, legal, or otherwise) on the part of Redco as to Decedent or Plaintiffs.

///
///
///

11
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (No Prior Notification)

32. As a thirty-second affirmative defense, Redco alleges that Plaintiffs, prior to the filing of this First Amended Complaint, never informed Redco, by notification or otherwise, of any breach of express and/or implied warranties; consequently, any claims of breach of express and/or implied warranties against Redco are barred.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Responsibility of Others)

33. As a thirty-third affirmative defense, Redco alleges that the injuries and damages of Plaintiffs, if any, were directly caused by the conduct of Johns-Manville Sales Corporation, its predecessors and successors in interest, its parent company or companies, its affiliates, subsidiaries, or related companies and enterprises.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages Sought in Violation of the Constitution)

34. As a thirty-fourth affirmative defense, Redco alleges that to the extent the amount of punitive damages sought is unconstitutionally excessive under the United States Constitution because it violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Punitive Damages Sought in Violation of the Constitution)

35. As a thirty-fifth affirmative defense, Redco alleges that Plaintiffs' claim for punitive damages impermissibly seeks a multiple award of punitive damages against Redco in violation of the following constitutional provisions: the Contracts Clause of Article I, section 10 of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the Due Process Clause of the Fourteenth Amendment to the United States Constitution and its counterpart under the California Constitution; the Equal Protection and Due Process

provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, section 7 of the California Constitution; and Redco's right to be free of Cruel and Unusual Punishment and Excessive Fines as guaranteed under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, sections 7 and 17, Article IV, section 16 of the California Constitution.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

36.   As a thirty-sixth affirmative defense, Redco alleges that Decedent failed to exercise ordinary care for his own safety and well-being, and that failure to exercise ordinary care proximately and directly caused and/or contributed to the alleged illness and injury pled in the First Amended Complaint.  Consequently, Redco is entitled to the full protection afforded by law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Unforeseeability)

37.   As a thirty-seventh affirmative defense, Redco alleges that at all times and places mentioned in the First Amended Complaint, Decedent and/or other persons used Redco's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to Redco, and for a purpose for which the products were not intended, manufactured or designed.  Plaintiffs' injuries and damages, if any, were therefore directly and proximately caused by this misuse and abuse of such products.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Minimal Exposure)

38.   As a thirty-eighth affirmative defense, Redco alleges that any exposure of Decedent to Redco's product or products, which exposure is vigorously denied, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused Decedent's and Plaintiffs' alleged injuries and illness.

///

///

13
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Waiver)

39. As a thirty-ninth affirmative defense, Redco alleges that Decedent and/or Plaintiffs have waived any and all claims sought in this action and are estopped both to assert and to recover upon such claims.

## FORTIETH AFFIRMATIVE DEFENSE

### (Joint and Several Liability)

40. As a fortieth affirmative defense, Redco alleges that the doctrine of joint and several liability has been abolished in a case such as this, and should Plaintiffs prevail against Redco, Redco's liability is several and is limited to its own actionable segment of fault, which fault is vigorously denied.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Violation of Due Process)

41. As a forty-first affirmative defense, Redco alleges that the causes of action asserted by Plaintiffs fail to state a claim upon which relief can be granted, or, if relief be granted, Redco's Constitutional right to substantive and procedural due process of law would be contravened.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Taking)

42. As a forty-second affirmative defense, Redco alleges that the causes of action asserted by Plaintiffs fail to state a claim upon which relief can be granted, for if relief be granted, such relief would constitute a taking of Redco's property for a public use without just compensation, a violation of Redco's Constitutional rights.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Violation of Equal Protection)

43. As a forty-third affirmative defense, Redco alleges that the causes of action asserted by Plaintiffs fail to state a claim upon which relief can be granted

14
REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND
22:22-CV-06892-JLS-E

316382900.1

because such relief would constitute a denial by this Court of Redco's Constitutional right to equal protection under the law.

## FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Third Party Responsibility)

44. As for a forty-fourth affirmative defense, Redco alleges that it is not responsible for the product line or items which Plaintiffs claim that it manufactured, distributed or sold. Rather, Redco asserts that another entity manufactured, distributed and sold this product line and is legally responsible therefore.

## FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Personal Jurisdiction)

45. As for a forty-fifth affirmative defense, Redco alleges that this Court lacks personal jurisdiction over Redco in this action.

## FORTY-SIXTH AFFIRMATIVE DEFENSE
### (Governmental Contractor Immunity)

46. As a forty-sixth affirmative defense, Redco is informed and believes, and based thereon alleges, that the project or projects upon which Decedent was providing labor and services, which employment Plaintiffs claim resulted in Decedent's alleged exposure to the allegedly toxic materials, were for the procurement of equipment by the government of the United States. To the extent that Redco provided products as contractors or subcontractors for the United States, Plaintiffs' claims, and each of them, are barred by the doctrine of governmental contractor immunity as set forth in *Boyle v. United Tech. Corp.*, 487 U.S. 509 (1988).

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Redco has not knowingly and intentionally waived any applicable affirmative defense and reserves the right to assert and rely on any such other applicable affirmative defenses as any becomes available or apparent during the conduct of discovery.

15
REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND
22:22-CV-06892-JLS-E

316382900.1

WHEREFORE, Redco prays for judgment as follows:

1. That Plaintiffs take nothing by their First Amended Complaint;

2. That Redco be awarded judgment in its favor and against Plaintiffs;

3. For its costs of suit incurred herein; and

4. For such other and further relief as this Court may deem just and proper, including, but not limited to, attorneys' fees and costs in accordance with the United States Code and Federal Rules of Civil Procedure.

## **CROSS-CLAIMS**

1. To the extent that Plaintiffs' allegations against any other defendant are correct, and Redco is held jointly liable to Plaintiffs for any amount above the amount of its actual liability, said defendants are liable to Redco for contribution.

2. To the extent that Redco is held liable solely as a result of acts of other defendant(s), such as the supplying to Redco of an asbestos-containing product that Redco incorporated into its products, said defendant(s) is/are obligated to indemnify Redco for any amount Redco is obligated to pay.

WHEREFORE, Redco respectfully requests the Court to enter judgment in its favor as to Plaintiffs' claims and any cross claims asserted against it by any other defendants. In the alternative, Redco requests that the Court enter an award in its favor with respect to its contribution or indemnity claims against other defendants. Redco requests any further relief to which it may be entitled.

K&L GATES LLP

Dated: August 17, 2023    By:  */s/ Damon M. Pitt*
            Damon M. Pitt
            Attorneys for Defendant Redco

16
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

**DEMAND FOR JURY TRIAL**

Redco hereby demands a trial by jury in the above-entitled action pursuant to FRCP 38(b).

Dated: August 28, 2023    Respectfully submitted,

By: */s/ Damon M. Pitt*
Damon M. Pitt (SBN 291473)
K&L GATES LLP
1 Park Plaza, 12th Floor
Irvine, CA 92614
Telephone: +1 949 623 3604

Attorneys for Defendant Redco

17
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of August, 2023, the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record who have not registered as an ECF user will be served by facsimile transmission or first class mail.

*/s/ Damon M. Pitt*
Damon M. Pitt

18
**REDCO CORPORATION'S (FORMERLY KNOWN AS CRANE CO.) ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES; JURY DEMAND**
22:22-CV-06892-JLS-E

316382900.1